**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DEFENDERS OF WILDLIFE,<br>1130 17th Street, NW<br>Washington, DC 20036,<br><br>        Plaintiff,<br><br>        v.<br><br>RYAN ZINKE,<br>Secretary, U.S. Department of the Interior,<br>1849 C Street, NW<br>Washington, DC 20240,<br><br>U.S. FISH AND WILDLIFE SERVICE,<br>1849 C Street, NW<br>Washington, DC 20240,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:18-cv-1474<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1. Plaintiff, Defenders of Wildlife ("Defenders"), a nonprofit organization dedicated to the conservation of endangered and threatened wildlife, hereby challenges the failure of the U.S. Fish and Wildlife Service ("Service") to designate critical habitat for the *rufa* subspecies of red knot (*Calidris canutus rufa*), a federally threatened shorebird.

2. The red knot is a medium sized shorebird that migrates annually between its wintering grounds in Tierra del Fuego and the Canadian Arctic. Red knots stop only a few times in the course of this transcontinental journey, using key staging and stopover areas to rest, feed, and regain the energy needed to reach their ultimate destination. The red knot evolved to time its

1

arrival at these stopover areas with the emergence of bountiful amounts of easily digestible forage, like horseshoe crab eggs.

3. On December 11, 2014, the Service published a final rule listing the red knot as a threatened species under the Endangered Species Act ("ESA"). Endangered and Threatened Wildlife and Plants; Threatened Species Status for the Rufa Red Knot, 79 Fed. Reg. 73,706 (Dec. 11, 2014). Despite a clear statutory requirement to do so "to the maximum extent prudent and determinable," critical habitat was not designated for the species at that time. 16 U.S.C. § 1533(a)(3)(A).

4. Critical habitat "shall be published concurrently" with a listing decision, 16 U.S.C. § 1533(b)(6)(C). If, however, critical habitat "is not then determinable", the Secretary may extend the period for designating such areas by up to a year. 16 U.S.C. § 1533(b)(6)(C)(ii).

5. As of this filing, the Service has not published any such rule.

6. Accordingly, Plaintiff seeks an order from the Court establishing prompt deadlines for the Service's issuance of proposed and final rules to designate critical habitat for the rufa red knot.

## JURISDICTION AND VENUE

7. Plaintiff brings suit pursuant to the ESA's citizen suit provision, 16 U.S.C. § 1540(g).

8. On June 27, 2016, Plaintiff provided Defendants with written notice of their violation of the ESA via electronic mail and certified mail. (Exh. A).

9. Defendant, Secretary of the Interior received a copy of Plaintiff's notice letter by electronic mail on June 27, 2016, and by certified mail on July 5, 2016.

10.     Defendant, Director of the U.S. Fish and Wildlife Service received a copy of Plaintiff's notice letter by electronic mail on June 27, 2016, and by certified mail on July 5, 2016.

11.     More than 60 days have passed since Defendant's received notice in satisfaction of 16 U.S.C. § 1540(g) and the violations complained of in the notice letter are continuing.

12.     This Court has jurisdiction over this action pursuant to 16 U.S.C. § 1540(g) and 28 U.S.C. §§ 1331-46.

13.     Venue is appropriate in the U.S. District Court for the District of Columbia Circuit pursuant to 16 U.S.C. § 1540(g)(3)(A) and 28 U.S.C. § 1391(e), as this civil action is brought against officers and employees of the United States acting in their official capacities and under the color of legal authority, a substantial part of the events giving rise to the claim occurred in the District of Columbia, no real property is involved in this action, and the Plaintiff resides in this judicial district.

## PARTIES

14.     Plaintiff Defenders of Wildlife is a non-profit, Internal Revenue Service Code Section 501(c)(3) organization headquartered in Washington, D.C. Founded in 1947, Defenders is a science-based conservation organization with more than 340,000 members nationwide. Defenders is dedicated to the protection of all native wild animals and plants in their natural communities and the preservation of the habitat on which they depend. Defenders advocates for new approaches to wildlife conservation that will help keep species from becoming endangered, and it employs education, litigation, research, legislation and advocacy to defend wildlife and their habitat. Defenders is one of the nation's leading advocates for endangered species and has been involved in issues of ESA implementation for more than thirty-five years.

15. Defenders brings this action on its own institutional behalf and on behalf of its members, who derive scientific, aesthetic, recreational, and spiritual benefit from the rufa red knot and its habitat. Many of Defenders' members enjoy observing, photographing, and appreciating rufa red knots in the wild and studying the species in its natural habitats. Defenders' members regularly engage in these activities throughout the United States, including along the East Coast near Delaware Bay, and will continue to do so in the future. The interests of Defenders and its members in observing, studying, and otherwise enjoying the rufa red knot and its habitat, and in obtaining and disseminating information regarding the survival of the rufa red knot have been harmed by Defendants' failure to designate critical habitat for the species and would be redressed by the relief sought in this case.

16. Unless the requested relief is granted, Plaintiff's interests will continue to be injured by Defendants' failure to comply with their statutory obligation. The injuries described above are actual and imminent and are caused by Defendant's failure to designate critical habitat for the species. Plaintiff and its members and will continue suffer these injuries unless relief is granted by this Court. The relief sought herein would redress Plaintiff's injuries. Plaintiff has no other adequate remedy at law.

17. Defendant Ryan Zinke is sued in his official capacity as Secretary of the Department of the Interior.

18. Defendant U.S. Fish and Wildlife Service is an agency of the federal government located within the U.S. Department of the Interior. The Secretary of the Interior has charged the Service with implementing and enforcing the ESA, including designating critical habitat for species listed as endangered or threatened. 50 C.F.R. § 402.01(b).

## STATUTORY AND REGULATORY BACKGROUND

19. Finding that "fish, wildlife, and plants are of esthetic, ecological, educational, historical, recreational, and scientific value to the Nation and its people," Congress passed the ESA in order to "provide a program for the conservation of . . . endangered species and threatened species," and to "provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved." 16 U.S.C. §§ 1531(a)(1), (b).

20. The ESA provides for the listing of imperiled species as "threatened" or "endangered." *Id.* § 1533.

21. The Act defines a threatened species as "any species which is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." *Id*. § 1532(20). "Species" includes "any subspecies." *Id.* § 1532(16).

22. Once a species is listed as threatened, the ESA requires the Secretary to comply with a series of substantive and procedural requirements to help ensure that such species is adequately protected and ultimately recovered to the point where listing is no longer necessary.

23. The Act explicitly provides that, "to the maximum extent prudent and determinable," the Secretary "shall, concurrently with making a [listing] determination… designate any habitat of such species which is then considered to be critical habitat." *Id.* § 1533(a)(3)(A)(i).

24. A final regulation designating critical habitat for an endangered or threatened species "shall be published concurrently with the final regulation implementing the determination that such species is endangered or threatened," *id.* § 1533(b)(6)(C), unless that requirement would delay the publication of a listing determination which is "essential to the

conservation of the species," *id.* § 1533(b)(6)(C)(i), or "critical habitat of such species is not yet determinable." *Id.* § 1533(b)(6)(c)(ii).

25. If the Secretary determines that critical habitat is not yet determinable, the Secretary may delay the designation of critical habitat by an additional year. *Id.* § 1533(b)(6)(C)(ii).

## FACTUAL ALLEGATIONS

26. The rufa red knot (*Calidris canutus rufa*), a subspecies of red knot (*C. canutus*), is a migratory shorebird that makes a difficult journey from wintering sites in Tierra Del Fuego to summer breeding grounds in the Canadian Arctic each year.

27. The typical red knot will stop at only one or two key staging areas during its migratory journey. In the Delaware Bay, for example, the bird's arrival coincides with the annual spawning of the horseshoe crab. During such stopovers, a red knot will gorge itself on horseshoe crab eggs, doubling its weight in a few days and building the energy reserves needed to reach its breeding grounds in the Canadian Arctic.

28. The rufa red knot's population plummeted in the mid-2000s due to factors including the overharvesting of horseshoe crabs for bait and pharmaceutical uses, habitat loss, and other disturbances in stopover areas.

29. On September 30, 2013, the Service published a proposed rule to list the red knot in the Federal Register. 78 Fed. Reg. 60,023 (Sept. 30, 2013). On December 11, 2014, the Service issued a final rule listing the rufa red knot as a threatened species. 79 Fed. Reg. 73,705 (Dec. 11, 2014).

30. The Service subsequently stated that it would designate critical habitat for the species. The Service has yet to propose critical habitat for the species.

31.     On June 27, 2016, Defenders provided the Service with notice of its intent to sue over the agency's failure to designate critical habitat for the species. (Exh. A).

32.     In response to that notice letter, the Service sent Defenders a letter indicating that it expected to publish a proposed critical habitat rule for the species in September 2017. (Exh. B). To date, the Service has not published a proposed critical habitat rule for the red knot and the Service has offered no further explanation as to when a proposal might be issued.

33.     Execution of the Service's statutorily-mandated duty to designate critical habitat would provide significant conservation benefits for the rufa red knot.

## CLAIM FOR RELIEF

34.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

35.     Defendants' failure to designate critical habitat for the rufa red knot within one year of its listing as "threatened" violates the Endangered Species Act. 16 U.S.C. § 1533(a)(3)(A), 1533(b)(6)(C).

36.     Defendants' violations of law pose actual and imminent harm to the protected interests of Plaintiff and its members, and it is likely that a favorable judicial decision will prevent or redress such injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

1.     Declare that Defendants' ongoing failure to designate critical habitat for the rufa red knot more than a year after its listing as "threatened" violates the ESA;

2.     Order Defendants to publish a proposed rule designating critical habitat for the rufa red knot or explaining why such designation is not prudent within ninety (90) days of the

date of the Court's order and a final rule within the timeframe provided for by the ESA, 16 U.S.C. § 1533(b)(6);

    3.    Award Plaintiff their costs of litigation; and

    4.    Grant Plaintiff such other relief as the Court deems just and proper.

DATED: June 22, 2018.

        Respectfully submitted,

        /s/ Jason C. Rylander
        Jason C. Rylander (D.C. Bar No. 474995)
        DEFENDERS OF WILDLIFE
        1130 17th Street, NW
        Washington, DC 20036
        Telephone: (202) 772-3245
        Facsimile: (202) 682-1331
        jrylander@defenders.org

        *Attorney for Defenders of Wildlife*